In the Matter of the Application of ISAAC STEINHAUS for an Order Fixing His Fees as Attorney for HANNAH SAMOILESCU, Also Known as HANNAH SAMUELS, etc.

Supreme Court, Bronx County, December, 1928.

*Lawrence R. Condon,* special guardian for Hannah Samoilescu.

*Isaac Steinhaus,* in opposition.

GIBBS, J. The infant claimant's father came to his death on the steamship *Lusitania* which was torpedoed by a German submarine on May 7, 1915. On October 30, 1925, the Mixed Claims Commission made an award to her in the sum of $12,346.72 as damages in compensation. The attorney representing the infant defendant alleges and it is not disputed that upon being retained by the infant's mother on behalf of the infant, she agreed that his fee for services to be rendered would be twenty five per cent of any recovery. During August, 1928, said attorney made application for an order fixing his fees and the court thereupon referred the matter to a referee to hear and report his findings. The court also appointed a special guardian in behalf of said infant. The special guardian now moves to stay the proceeding before the referee and contends that while this court has jurisdiction to fix the fees of attorneys at law representing infants, the Mixed Claims Commission must first determine what is a reasonable fee in the particular proceeding in which the award was made. Subdivision (a) of section 9 of the act of Congress known as " Settlement of War Claims Act of 1928 " (U. S. Stat. at Large, chap. 167), approved March 10, 1928, in part provides that " The Arbiter, the Commissioner of the Mixed Claims Commission appointed by the United States, and the Commissioner of the Tripartite Claims Commission, respectively, are authorized * * * to fix reasonable fees (whether or not fixed under any contract or agreement) for services in connection with the proceedings before the

Arbiter and the Mixed Claims Commission and the Tripartite Claims Commission, respectively, * * *."

The special guardian urges that inasmuch as the claimant has requested the Mixed Claims Commission to fix the fee of her attorney, this court should not act in the matter until that board has passed upon the application. Numerous inquiries have been made by claimants and their attorneys to the Mixed Claims Commissioner relative to the provisions of section 9 of this act. The American Commissioner, Hon. Chandler P. Anderson, on September 28, 1928, rendered an " administrative and jurisdictional decision " in which he passes upon many of these inquiries. In this decision I find the following statements:

" (5) In a number of cases the claimants, and their attorneys as well, misinterpreted the Act to mean that although an attorney's fee satisfactory to the claimant had been agreed upon between them it could not be paid to the attorney unless and until its reasonableness had been approved by the American Commissioner.

" In these cases the American Commissioner rules that when claimants and their attorneys agreed upon a fee satisfactory to the claimant it was unnecessary and inappropriate, under the terms of the Act, to ask him to intervene for the purpose of passing upon the reasonableness of the fee thus agreed upon, and he declined to take action with reference thereto."

It is quite apparent that in cases where an agreement was entered into by the parties fixing the fee of the attorney the Commission will not intercede. Assuming that agreement was made in this proceeding, the claimant being an infant such contract is subject to the approval of the Special Term of this court. Section 474 of the Judiciary Law (as amd. by Laws of 1912, chap. 229) provides in substance as follows: An attorney may contract " to prosecute, by suit or otherwise, any claim for the benefit of an infant for a compensation to said attorney dependent upon the success in the prosecution of such claim, subject to the power of the court, as hereinafter provided, to fix the amount of such compensation. Whenever such a contract shall have been entered into between an attorney and a guardian of an infant, upon the recovery of a judgment, or the obtaining of an award in behalf of the said infant, or upon any compromise or settlement of such claim, the attorney may apply, upon notice to the guardian, * * * to a special term of the supreme court in case the recovery, award, compromise or settlement was not had in any court of this state; " for an order fixing a reasonable fee for the services rendered in behalf of said infant. It is obvious that this court must fix the fees of the attorney whether or not they have been determined or

allowed by the Mixed Claims Commission. This court is not deprived of its jurisdiction. Accordingly I believe it is proper for the referee to proceed with the reference and report his findings to the court. Motion for stay denied. Submit order.